Kirkpatrick C. J.
In this case the justice has returned, that on the 4th of October 1817, the defendant entered his appearance to an amicable suit in his docket, and confessed judgment for the plaintiff’s demand, which was 75 dollars; that he thereupon entered judgment for the plaintiff, for the said 75 dollars of debt, and 10 cents of costs; that execution was immediately issued, and in *184 two days after returned with the gaoler’s receipt for the ■ execution and the body of the defendant.
The justice further certifies that the judgment was given on a note of hand, dated September 30, 1817, and payable in 90 days.
The reasons assigned for the reversal of the judgment, are
*1. That there was no affidavit of the cause of action, &c. as is in that case required by the statute. And
2. That the note on which the judgment was entered, was not due. (a)
The proceeding certainly bears upon the face of it, strong marks of fraud; and the case comes within the express words of the statute, to prevent fraudulent confessions of judgment, passed January 29, 1817. That statute says, in substance, that when parties agree to enter an action, without process, before a justice of the peace, no judgment by confession shall be entered therein against the defendant, unless upon affidavit that the debt is bona fide due and owing to the plaintiff, and that the judgment is not confessed to answer any fraudulent purpose, or to protect property, &c.
The only question which presented itself, upon this case, being moved at the bar, was, whether the party himself confessing the judgment could assign the want of the affidavit for error. But upon a little reflexion, there can be no doubt on that head. The words of the statute are peremptory, the justice had no authority; the judgment is fraudulent.
Let it be reversed.
Rossell J. was of the same opinion.
Southard J.
The words of the statute are extremely plain and explicit. “ No judgment by confession shall be entered against the defendant, unless an affidavit” &c. But one construction can be put upon it. The affidavit is absolutely necessary, to give the justice the power to enter a judgment. His proceeding without it, is a perfect nullity; it is altogether void. It is not merely void *185 against creditors &c., as is the case under the statutes referred to in the argument. Under them, there is a right in the court to enter judgment, and for certain purposes that judgment is valid. Here, there is no right to enter a judgment; and if entered, it is valid against no one. Tiie one, permitting the judgment to be entered, directs its operation afterwards; the other forbids it to be entered at all.
If a proceeding thus void, be presented to this court, it must be set aside. But can the defendant himself, who has confessed the judgment, object to it ? I see no reason why he may not; he is excluded by no provision of the statute ; and the very condition on which he assented to the entry of the judgment, has not been complied with. He agreed only, that a legal judgment should he entered ; he has surely a right to complain against one illegally given.
Judgment reversed.

 Scudder vs. Coryell, 5 Hal. 340. Hoyt vs. Hoyt, 1 Har. 139.